Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5954 | **DATE** | 1/11/2001 |
| **CASE TITLE** | Bartoli vs. Applebee's Restaurant | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons set forth on the attached order, the Court denies both defendants' motions to dismiss (3-1, 5-1). Defendants are ordered to answer the complaint on or before January 26, 2001.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | JAN 17 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 10 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| OR | courtroom deputy's initials | 01 JAN 16 PM 3:13 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MELINDA BARTOLI, | ) |
| Plaintiff, | ) ) ) ) |
| vs. | ) Case No. 00 C 5954 |
| APPLEBEE'S RESTAURANT and ANTOINE KENNEDY, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER



MATTHEW F. KENNELLY, District Judge:

Plaintiff Melinda Bartoli alleges that during her employment as a waitress at an Applebee's Restaurant, she was sexually harassed by defendant Antoine Kennedy (a male waiter), several male cooks, and occasionally a male manager named Glen. The harassment included touching and taunting by the cooks; aggressive physical contact and requests for sexual favors by Kennedy; and sexually oriented comments by the manager. Bartoli alleges that the complained numerous times to the manager about her co-workers' conduct but that he ignored her complaints. Indeed, she says, the manager would provide alcoholic beverages to employees after the restaurant closed, which she says made the employees more likely to harass her. Eventually Bartoli could take it no more, and she quit her job; she claims that she was constructively discharged. Bartoli alleges that she has suffered physical pain, loss of income, humiliation, and emotional distress. She has made a claim against Applebee's under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5; state law claims of assault, battery, and

intentional infliction of emotional distress against Kennedy and Applebee's; and a state law claim of negligent hiring and retention against Applebee's.

Applebee's has moved pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the state law claims against it, arguing primarily that the claims are preempted by the Illinois Worker's Compensation Act, specifically the provision stating that "[n]o common law or statutory right to recover damages from the employer ... for injury or death sustained by any employee while engaged in the line of his duty as such employee, other than the compensation herein provided, is available to any employee who is covered by the provisions of this Act ...." 820 ILCS 305/5(a). Because of this statute, an employee may not bring a common law claim against her employer unless she proves either that her injury was not accidental; that it did not arise from her employment; that it was not received during the course of her employment; or that the injury is not compensable under the IWCA. *Meerbrey v. Marshall Field & Co.,* 139 Ill. 2d 455, 463, 564 N.E.2d 1222, 1226 (1990).

When a worker's claim against her employer is based on an injury intentionally inflicted on her by a co-employee, the injury is considered "accidental" under the IWCA and thus the worker's claim is preempted, unless she can show that the employer directed or expressly authorized the co-employee to commit the acts that caused the injury. *Id.* An allegation that the co-employee was acting within the scope of his authority is not sufficient to give rise to a claim that the employer directed or expressly authorized the co-employee's acts; thus a claim based on a theory of *respondeat superior* is preempted by the IWCA even if the injury was intentionally caused by the co-employee. *Id.* at 465, 564 N.E.2d at 1227. *See also, e.g., Zakutansky v. Bionetics Corp.,* 806 F. Supp. 1362, 1367 (N.D. Ill. 1992); *Jaskowski v. Rodman & Renshaw,*

2

*Inc.,* 813 F. Supp. 1359, 1362 (N.D. Ill. 1993). In addition, a claim that management ignored evidence that the conduct was taking place is not sufficient; what is required is "actual direction, encouragement, or participation" by management. *Jaskowski,* 813 F. Supp. at 1361, citing *Collier v. Wagner Castings Co.,* 81 Ill. 2d 229, 239, 408 N.E.2d 198, 203 (1980).

Based on the allegations of the complaint, construed liberally as required at this stage of the proceedings, it appears that Bartoli claims that a manager both participated in the harassment and encouraged others to do so by giving them alcohol, knowing this would lead them to harass Bartoli. It is not clear whether proof of the manager's involvement or his alleged encouragement of others will suffice to avoid the preemption bar. First, the fact that Leon was a manager does not by itself make his conduct that of the company for purposes of the preemption analysis; it must be shown that he had "the authority to make decisions and set policy on behalf of" the employer. *Daulo v. Commonwealth Edison,* 938 F. Supp. 1388, 1406 (N.D. Ill. 1996); *Robinson v. Roney Oatman, Inc.,* 97 C 8964, 1999 WL 1102694, at *14 (N.D. Ill. Nov. 23, 1999). Second, the evidence may not ultimately bear out Bartoli's claim about Leon's encouragement of others, and even if what she alleges proves to be true, it is far from clear that giving employees alcoholic beverages knowing that this will lead them to commit improper acts toward a co-worker constitutes "direction" or "express authorization" of those acts with the meaning of *Meerbrey.* But these are matters that we cannot appropriately determine at this stage of the proceedings. The Court concludes that Bartoli's claims contain allegations sufficient to avoid dismissal on the basis of preemption by the IWCA.

Applebee's also argues that Bartoli's claims are preempted by the Illinois Human Rights Act. *See* 775 ILCS 5/8-111(c). Under that statute, common law claims are preempted if they are

3

based entirely upon legal obligations and prohibitions that exist as a matter of Illinois law only under that Act and have no other independent foundation. *See, e.g., Chin v. Council of Jewish Elderly,* No. 99 C 4793, 1999 WL 971279, at *1 (N.D. Ill. Oct. 21, 1999). Here that is not the case. Bartoli claims that she was subjected to physical and verbal assaults; her claims based on this conduct (as well as her claims of negligent retention and hiring) exist completely independently of the obligations imposed by the IHRA. The claims are not preempted. *See Maksimovic v. Tsogalis,* 177 Ill.2d 511, 517, 687 N.E.2d 21, 23 (1997).

Kennedy has moved to dismiss the state law claims against him pursuant to 28 U.S.C. §1367(c), on grounds that the state claims in this case "substantially predominate[ ]" over federal claims or because there are "other compelling reasons" for declining jurisdiction – namely that there are no federal claims against him and that he is in this case only because of claims over which this Court has no independent basis of jurisdiction. *See* 28 U.S.C. §1367(c)(2) & (4). The Court declines this request. Each of the claims against Kennedy also includes as a defendant Applebee's, against which Bartoli has asserted a federal claim. But we would deny Kennedy's motion even if we had dismissed the state law claims against Applebee's. The factual basis for the claims against Kennedy is a subset of the factual basis for the Title VII claim against Applebee's. This is exactly the type of situation that Congress had in mind when it enabled federal courts to exercise "pendent party" jurisdiction by enacting §1367(a). It would be a gross waste of the resources of the courts (both state and federal) and of the parties to have to litigate the same factual issues in two separate fora.

## Conclusion

For the foregoing reasons, the Court denies both defendants' motions to dismiss [3-1, 5-

4

1]. Defendants are ordered to answer the complaint on or before January 26, 2001.

                                                                              _____
                                                                              MATTHEW F. KENNELLY
                                                                              United States District Judge

Date:   January 11, 2001